IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **DENNIS HART,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 09-2108-STA/tmp |
| ) | |
| **PENSKE TRUCK LEASING COMPANY,** ) | |
| **REPUBLIC PARKING SYSTEM, INC.** ) | |
| **and LARRY CULLEN** ) | |
| **(Individually),** ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

**REPORT AND RECOMMENDATION**

---

Before the court by order of reference is defendant Penske Truck Leasing Company's ("Penske") request for an award of attorney's fees, which is contained in its Motion to Compel Post-Judgment Discovery, filed May 6, 2013. (ECF No. 58.) By order entered on June 3, 2013, the court granted the motion to compel. The court hereby submits this separate report and recommendation on Penske's motion for attorney's fees.

As described in the order granting Penske's motion to compel, this court granted Penske's Motion for Summary Judgment and dismissed this case, with prejudice, on August 12, 2010. (See ECF No. 43.) Judgment was entered in favor of Penske on August 19, 2010. (See ECF No. 44.) On November 17, 2010, the Clerk of this Court awarded costs in favor of Penske in the amount of $4,934.65.

(See ECF No. 53.) Hart appealed this Court's dismissal of the case to the Sixth Circuit Court of Appeals. His appeal was denied and judgment was affirmed by the Sixth Circuit on February 2, 2012. (See ECF No. 55.) Hart filed a Petition for Rehearing on February 27, 2012. The Petition was denied by the Sixth Circuit on April 4, 2012. Hart filed with the United States Supreme Court a Petition for Writ of Certiorari on June 30, 2012. The Petition was denied on November 26, 2012. (See ECF 57.)

According to the facts contained in Penske's motion (which the court will accept as true based on Hart's failure to respond to the motion), its counsel communicated with Hart[1] on multiple occasions concerning the payment of the costs awarded by this Court. Hart has made it clear that, regardless of any Court order, he will not pay the costs awarded to Penske. On December 21, 2012, Penske served Hart with post-judgment discovery seeking information that would enable it to collect the costs through formal means, such as garnishment or a writ of execution. Following his receipt of such discovery, Hart contacted defendant's counsel and once again confirmed that he would not comply with the costs award. Hart has failed to respond to the written discovery, despite having over five months to respond. Hart also failed to file a response to the motion to compel. The court granted the motion to compel, in its

---

[1] Hart was previously represented by two attorneys, Dwight G. McQuirter and Florence M. Johnson, but has been *pro se* since April 2012.

entirety, on June 3, 2013.

Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Penske states in its motion that it has incurred reasonable expenses in excess of $1,000.00 in making this motion, and seeks sanctions under Rule 37 in the amount of $1,000.00. The court finds that Penske has attempted in good faith to obtain the discovery prior to filing the motion, Hart's failure to provide the discovery is not substantially justified, and the attorney's fees amount is reasonable.

Therefore, it is recommended that the court order Hart to pay Penske $1,000.00 in attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      United States Magistrate Judge

                                      June 3, 2013
                                      Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P.**

72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.