IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DENNIS HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-2108-STA-tmp |
| | ) |
| PENSKE TRUCK LEASING COMPANY, | ) |
| REPUBLIC PARKING SYSTEM, INC. | ) |
| and LARRY CULLENT (individually), | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter comes before the Court on the Report and Recommendation (D.E. # 65) of the United States Magistrate Judge filed June 3, 2013, recommending Defendant Penske Truck Leasing Company's ("Penske") request for an award of attorneys fees (contained in Penske's Motion to Compel Post-Judgment Discovery (D. E. # 58) filed May 6, 2013) be granted. Plaintiff Dennis Hart ("Hart") filed a document styled "Response to Defendant's Report and Recommendation" (D.E. # 66), which the Court construes as an objection to the Report and Recommendation of the Magistrate Judge. Upon review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS** Penske's request for attorney's fees.

**BACKGROUND**

Hart commenced this suit on February 24, 2009 by filing a Complaint alleging causes of action under Title VII of the Civil Rights Act of 1964, violations of 42 U.S.C. § 1983, violations of the Tennessee Human Rights Act, violations of Tenn. Code Ann. § 47-50-109, and tortious interference with contract against the various defendants. (Compl. ¶¶ 33-35). The Court granted

1

summary judgment in Penske's favor in an Order dated August 13, 2010. (Order Granting Def.'s Mot. S.J., D.E. # 43). Shortly thereafter, Hart's attorney Dwight G. McQuirter requested leave to withdraw as counsel. (Mot. to Withdraw, D.E. # 45). The Court granted leave for McQuirter to withdraw, and Hart has proceeded *pro se* in this matter since. (Order Granting Mot. Withdraw, D.E. # 48).

On September 13, 2010, Hart appealed the Court's grant of summary judgment to the Sixth Circuit Court of Appeals. (Notice of Appeal, D.E. # 46). During the pendency of Hart's appeal, on November 4, 2010, the Clerk of Court for the Western District of Tennessee held a costs hearing pursuant to Local Rule 54.1. (Order Taxing Costs, D.E. # 53). On November 17, 2010, the Clerk of Court entered an Order taxing costs of $4,934.65 to Hart. (*Id.*)

On February 1, 2012, the Sixth Circuit affirmed the Court's grant of summary judgment. (Order of USCA, D.E. # 54). Hart filed a petition for writ of certiorari with the United States Supreme Court on June 30, 2012. (Notice, D.E. # 56). On November 26, 2012, the Supreme Court denied Hart's petition for writ of certiorari. (Notice, D.E. # 57).

Penske filed a Motion to Compel Post-Judgment Discovery on May 6, 2013, seeking information on the location of Hart's assets in order to enforce the Court's order on costs. (Motion to Compel, D.E. # 58) Contained in this motion was a request for an award of $1000 in attorney's fees. (*Id.* at 3). The Court referred this motion to the magistrate judge in an Order dated May 31, 2013. (Order of Reference, D.E. # 63). Because Hart failed to timely respond to Penske's motion, the magistrate judge took the allegations in Penske's motion as true, and based on the record before him granted Penske's motion for post-judgment discovery and issued the report and recommendation currently before the court recommending an award of $1,000 in attorney's fees to Penske. (Rep. & Rec., D.E. # 65)

Based on the facts laid out in Penske's motion, Penske served Hart with five post-judgment interrogatories and a request for production. (Mot. to Compel at 3). At the time of Penske's motion, Hart had yet to respond to any of these discovery requests, despite having more than four months to do so. (*Id.*) Penske states it incurred $1000 in attorney's fees in drafting its motion to compel. (*Id.*)

## STANDARD OF REVIEW

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court,"[1] of various matters. A party objecting to any portions of the magistrate judge's report and recommendations may file specific, written objections within fourteen days after the court serves him with the report and recommendations.[2] A district court reviews any portions of a Magistrate Judge's report and recommendations to which a party timely objects *de novo*.[3] However, a party objecting to the magistrate judge's report and recommendations must identify specific concerns, as a court will consider a general objection a failure to object at all.[4]

## ANALYSIS

The Court determines Hart fails to raise specific objections to the magistrate judge's report and recommendation. Instead, Hart maintains he never received correspondence from Penske and that he attempted to work out a payment arrangement with Penske's counsel. Even

---

[1] 28 U.S.C. § 636.

[2] Fed. R. Civ. P. 72(b)(2); L.R. 72(g)(2).

[3] 28 U.S.C. §636(b)(1)(C); *United States v. Worley*, 193 F.3d 380, 383 (6th Cir. 1999).

[4] *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

3

construing these arguments liberally to mean Hart never received Penske's discovery requests and that Penske never conferred with Hart regarding its discovery requests, these arguments do not go to the propriety of the award of costs. Rather, these arguments go to the magistrate judge's order compelling discovery.

Therefore, because Hart does not present the Court with specific objections to the magistrate judge's report and recommendation, the Court hereby **ADOPTS** the report and recommendation of the magistrate judge and **ORDERS** Hart to pay Penske's costs in the amount of $1,000.00.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 18, 2013