IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DENNIS HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-2108-STA-tmp |
| ) | |
| PENSKE TRUCK LEASING COMPANY, ) | |
| REPUBLIC PARKING SYSTEM, INC. ) | |
| and LARRY CULLEN (individually), ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO RECUSE
ORDER DENYING REQUEST FOR SANCTIONS

Before the Court is Plaintiff Dennis Hart's ("Hart") Motion to Recuse (D.E. # 70) filed June 21, 2013.  Defendant Penske Truck Leasing Company ("Penske") filed a Response (D.E. # 71) on June 27, 2013, arguing the Court should deny Hart's Motion to Recuse and should impose sanctions against Hart for failure to comply with the Court's orders taxing costs and to engage in post-judgment discovery.  For the reasons stated herein, the Court **DENIES** Hart's Motion to Recuse and **DENIES** Penske's request for sanctions.

## BACKGROUND

Hart initiated this case on February 24, 2009, alleging causes of action under Title VII, 42 U.S.C. § 1981, the Tennessee Human Rights Act, Tenn. Code Ann. § 47-50-109, and tortious interference with contract against Penske, Republic Parking System, Inc. ("Republic") and Larry Cullen ("Cullen").  (Complaint, D.E. # 1).  Hart voluntarily dismissed his claims against Republic and Cullen on July 15, 2010.  (Stipulation of Dismissal, D.E. # 30).  The Court granted

1

summary judgment in Penske's favor on the remainder of Hart's claims on August 13, 2010. (Order Granting S.J., D.E. # 43). Hart appealed the Court's Order Granting Summary Judgment to the Sixth Circuit Court of Appeals on September 13, 2010. (Notice of Appeal, D.E. # 46). The Sixth Circuit Court of Appeals upheld the Court's grant of summary judgment on February 1, 2012. (Sixth Circuit Order, D.E. # 54). Hart then filed a petition for writ of certiorari in the United States Supreme Court on June 30, 2012. (Notice from Supreme Court, D.E. # 56). On November 26, 2012, the Supreme Court denied Hart's petition for writ of certiorari, ending Hart's appeal process. (Notice from Supreme Court, D.E. # 57).

On November 17, 2010, during the pendency of Hart's appeal to the Sixth Circuit, the Clerk of Court for the Western District of Tennessee entered an order taxing Penske's costs to Hart for $4,934.65. (Order Taxing Costs, D.E. # 53). Hart did not appeal this order. On May 6, 2013, Penske filed a motion to compel post-judgment discovery. (Motion to Compel, D.E. # 60). The Court referred this motion to the United States Magistrate Judge for determination. (Order of Referral, D.E. # 63). Hart did not respond to Penske's motion to compel, and the magistrate judge issued an order directing Hart to satisfy Penske's post-judgment discovery requests. (Order Granting Motion to Compel, D.E. # 64). Pursuant to Rule 37(a)(5)(A), the magistrate judge also issued a report and recommendation that the Court sanction Hart $1,000.00 in attorney's fees for his failure to participate in post-judgment discovery. (Report and Recommendation, D.E. # 65). On June 13, 2013, Hart filed objections to the magistrate judge's report and recommendation, arguing he never received Penske's discovery requests and that he was attempting to work out payment arrangements on the order taxing costs. (Response to Report and Recommendation, D.E. # 66).   On *de novo* review of the record before the magistrate judge, the Court adopted the magistrate judge's report and recommendation, ordering

Hart to pay $1,000.00 in attorney's fees pursuant to Rule 37(a)(5)(A).  (Order Adopting Report and Recommendation, D.E. # 68).

Also on June 13, 2013, Hart filed a motion requesting the court enjoin Penske's attempts to engage in post-judgment discovery.  (Motion for Injunction, D.E. # 67).  Finding there was no legal basis for Hart's request, the Court denied Hart's motion for an injunction.  (Order Denying Motion for Injunction, D.E. # 69).

Hart now asks the undersigned to recuse himself from this case, claiming a reasonable person would question the undersigned's impartiality.  In support, Hart argues the undersigned has ruled against him on Penske's motion for summary judgment, the undersigned has ruled against him on Penske's motion to compel, and that Hart has filed a complaint against the undersigned with the United States Department of Justice.[1]

## STANDARD OF REVIEW

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2]  "[A] judge must recuse [him]self if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality."[3]

> If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall

---

[1] Hart also cites Tennessee Supreme Court Rule 10B and ABA Canons of Professional Ethics 1, 2, 3, and 6.  However, the cited rules do not apply under these circumstances.

[2] 28 U.S.C. § 455.

[3] *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (citing *Lijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *United States v. Story*, 716 F.2d 1088, 1090-91 (6th Cir. 1983)).

the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.[4]

## ANALYSIS

As a preliminary matter, Hart's motion is procedurally deficient as being untimely as a motion under 28 U.S.C. § 144.  "Whenever a party to any proceeding in a district court makes and files a *timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice, such judge shall proceed no further therein[.]"[5]  "The affidavit . . . shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."[6]  Ignoring the fact Hart's motion does not contain an affidavit, Hart filed this motion nearly three years after the undersigned became presiding judge for this case.  Hart makes no attempt in his motion to explain his failure to ask for recusal of the undersigned in a timely manner.  Therefore, the undersigned **DENIES** Hart's Motion to Recuse under 28 U.S.C. § 144.

However, because Hart also moves for recusal under 28 U.S.C. 455, the undersigned will discuss the merits of his motion to recuse.  Under 28 U.S.C. § 455, no motion or affidavit is required, because the statute places the burden on a judge to disqualify himself *sua sponte*.[7]  "There is no particular procedure that a party must follow to obtain judicial disqualification under § 455(a)."[8]

---

[4] *Lijeberg*, 486 U.S. at 860.

[5] 28 U.S.C. § 144 (emphasis added).

[6] *Id.*

[7] *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

[8] *Id.*

Hart states the undersigned has shown partiality towards Penske by ruling in Penske's favor on Penske's motion for summary judgment and by ruling in Penske's favor on Penske's motion to compel post-judgment discovery. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[9] "[E]arlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." The fact the undersigned ruled against Hart at previous stages of litigation does not raise a reasonable question of partiality. With respect to the order granting summary judgment, Hart makes no allegation of bias other than the simple fact of an adverse ruling – a ruling the Sixth Circuit Court of Appeals has affirmed on review.

Hart gives more detail in claiming the undersigned showed partiality by ruling in Penske's favor on Penske's motion to compel. Hart argues the undersigned did not require Penske to provide "proof of service for delivery of the alleged correspondences[,]"[10] and "inferr[ed] Plaintiff is being untruthful[.]"[11] However, a review of the record shows Penske attached its discovery requests to its motion to compel, including a certificate of service attested to by Penske's counsel.[12] "If a certificate of service is filed averring that a [paper] has been served by being placed in the U.S. mail, 'a presumption of regularity arises that the addressee received the [paper].'"[13] Had Hart wished to contest this presumption, the proper way to do so

---

[9] *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Addams-More v. United States*, 79 Fed. Cl. 578, 580 (2007).

[10] Motion to Recuse at 1.

[11] *Id.* at 2.

[12] Exhibit A to Motion to Compel at 8, D.E. # 60-1.

[13] *Craul v. Wal-Mart Stores East, LP*, No. 4: 12-CV-1380, 2012 WL 6823181, at *6 (M.D. Pa., Nov. 29, 2012) (quoting *Fiore v. Giant Food Stores, Inc.*, No. 98-517, 1998 WL 254975, at *2 (E.D. Pa., April 17, 1998)).

would have been by response to Penske's motion to compel. Hart failed to respond, waiving his opportunity to contest Penske's evidence.[14]

Hart further argues a reasonable person might reasonably question the undersigned's impartiality because the undersigned is the subject of a complaint Hart filed with the United States Department of Justice. However, that a litigant has filed a complaint against a judge is not grounds for recusal.[15] If it were, "litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause. Judge shopping is not a practice that should be encouraged."[16] As a matter of law, the fact Hart filed a complaint with the Department of Justice against the undersigned would not cause a reasonable person to question the undersigned's impartiality.

Because Hart presents the undersigned with nothing that would cause a reasonable, objective person with knowledge of all the circumstances to doubt the undersigned's impartiality, the undersigned **DENIES** Hart's Motion to Recuse under 28 U.S.C. § 455.

Penske, in its response to Hart's motion to recuse, asks this Court to hold Hart in contempt, and order Hart to pay an additional $1,000.00 as sanctions and to pay Penske's outstanding judgment by a date certain. Because Penske raises this request by way of a response

---

[14] *See* L.R. 7.2(a)(2) ("Failure to respond timely to any motion . . . may be deemed good grounds for granting the motion.") It should also be noted that Hart's bare assertion he never received Penske's discovery request is legally insufficient to overcome the presumption of good service. "Denials of receipt generally will not overcome the presumption in the absence of some supporting evidence." *Craul*, 2012 WL, at *6.

[15] *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000).

[16] *Id.*

to a motion instead of motioning the Court, the Court **DENIES** Penske's request with leave to refile as a motion so that Hart may properly respond.

## CONCLUSION

Because Hart's Motion to Recuse contains insufficient grounds for recusal, the undersigned **DENIES** Hart's Motion to Recuse.  Because Penske requested sanctions in a response rather than by motioning the Court, the Court **DENIES** Penske's request for sanctions with leave to refile.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  July 25, 2013.